UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CASEY PHILLIP,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, DAYSI GARCIA,
Principal of P65K, MARTHA RODRIQUEZ-TORRES,
Local Instructional Superintendent,

                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

09 Civ. 442 (CPS)(JO)

        Defendants City of New York, New York City Department of Education ("DOE"), and Daysi Garcia,[1] by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for their answer to the Complaint herein, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit plaintiff purports to proceed as set forth therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit plaintiff purports to proceed as set forth therein.

        3. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein and respectfully

---

[1] Martha Rodriguez-Torres, who is named as a defendant herein, has not been properly served with the summons and complaint in the above-referenced action. Plaintiff's attorney purportedly served a copy of the summons and complaint to an address which is not her current business address. Our office has advised plaintiff's attorney of this and has provided him with her correct business address by letter dated March 11, 2009 in order to assist with the proper service of Ms. Rodriguez-Torres.

refer the court to the statutes cited therein for a complete and accurate description of this Court's jurisdiction.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit plaintiff purports to proceed as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that venue is proper.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff was employed by respondent DOE from January 13, 2003 to October 31, 2008 as a teacher at P65K, located at 158 Richmond Street, Brooklyn, NY 11208.

7. Deny the allegations set forth in paragraph "7" of the Complaint, and respectfully refer the Court to Education Law § 2590 et seq. and the statutes cited therein for a complete and accurate description of the organization, powers, and purpose of DOE.

8. Deny the allegations set forth in paragraph "8" of the Complaint, and respectfully refer the Court to Education Law § 2590 et seq. and the statutes cited therein for a complete and accurate description of the organization, powers, purpose, and legal status of DOE.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that respondent Daysi Garcia is employed by DOE and has been the Principal of P65K since August 30, 2004.

10. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Martha Rodriquez-Torres is employed by DOE, and was assigned to P65K as Local Instructional Superintendent from December 2006 to July 2007.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient for form a belief as to the truth of the allegations alleged in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient for form a belief as to the truth of the allegations alleged in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient for form a belief as to the truth of the allegations alleged in paragraph "12" of the Complaint, and respectfully refer the court to the letter cited therein for a complete and accurate description of its contents.

15. Deny knowledge and information sufficient to form a belief about the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that the Office of the Corporation Counsel received a copy of plaintiff's complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff is a black male, began his employment as a New York City public school teacher on or about January 13, 2003, served as a public school teacher at P.S. 65K from 2003 to 2007, and admit Defendant Daysi Garcia became the principal of P65K in 2004.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that on October 21, 2004 Defendant Daysi Garcia conducted an observation of Plaintiff's literacy lesson.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Defendant Garcia agreed to supervise plaintiff, Mrs. Granduer, Ms. Glash, and Ms.

Rosa for an internship to fulfill requirements to become an administrator, and admit petitioner fulfilled a portion of his internship requirements by performing the administrative duties required during breakfast duty, yard duty, lunch duty, and bus duty, and admit that other teachers were able to fulfill their internship requirements in various ways, including during hours plaintiff was not able to work, such as before school, in the evenings, on weekends, or over the summer, and affirmatively state that Defendant Garcia offered and encouraged plaintiff to fulfill his internship requirements in multiple ways but that plaintiff's refusal to work before school hours, after school hours, or on weekends, which limited his opportunities, and that he also refused Defendant Garcia's offer to have plaintiff work with her at summer school in Manhattan where plaintiff would have been exposed to more opportunities.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26"of the Complaint, except admit that Defendant Garcia found one of plaintiff's students unsupervised.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that on November 7, 2006 public schools were closed for Election Day and the literacy coach Mrs. Brodsky led a professional development session modeling a read-aloud with the use of the children's novel "The Cay," a novel on the Interdisciplinary Novel Study List provided by Region 5, and admit that Mrs. Brodsky asked plaintiff to read a portion of the book where the character in the book spoke in a Caribbean dialect, and affirmatively state that the book "The Cays" was required by Region 5 for the staff development day.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and affirmatively state that the use of the book "The Cays" was selected by Region 5 and all schools located in Region 5 used the same book for their staff development days.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that for the 2006-2007 school year two of the fifth grade classes had lunch with the five third-grade classes and the other two fifth grade classes had lunch with the five fourth-grade classes because there are only two lunch periods for the school so each year one grade must necessarily be split up to permit a maximum of seven classes per lunch period.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that on or about December 22, 2006 the staff had a luncheon in the school library.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff worked to coordinate a cultural day for the fifth grade classes, and affirmatively state that Defendant Garcia was forced to miss a number of performances due to her duties as principal.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiff was reassigned from the school effective August 30, 2007 due to pending disciplinary charges.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that on our about January 2, 2007 Superintendent Martha Rodriguez-Torres made a surprise visit to PS 65K to visit the fifth grade classes to observe the use of Kaplan books purchased by Region 5 for the schools at substantial cost to the Region, and admit that plaintiff was not in compliance with the pacing calendar and had never used the Kaplan books as required and as a result Ms. Mendez placed a letter in plaintiff's file, and admit that on or about April 17, 2007 Superintendent Martha Rodriguez-Torres visited Plaintiff's classroom to conduct an observation and it was again found that Plaintiff was not following the curriculum and as a result, was issued an unsatisfactory rating.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that Defendant Garcia gave Plaintiff a counseling letter for not walking his students to the gate at dismissal.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Defendant Garcia declined a request by Plaintiff to have a third person present for classroom observations and on or about March 19, 2007 Plaintiff received an unsatisfactory rating by Defendant Garcia.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that Defendant Garcia placed a letter in plaintiff's file documenting an incident where plaintiff was yelling and screaming.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that on or about April 17, 2007 Defendant Garcia referred plaintiff for a psychiatric evaluation.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit upon information and belief, plaintiff filed a complaint with the Department of Education's Office of Equal Opportunity and filed a union grievance against Garcia.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that Assistant Principal Jaggon was the supervisor of the fourth and fifth grade, and thus was the appropriate person to discipline plaintiff.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that on or about June 8, 2007 Plaintiff made a discrimination complaint to Martha Rodriquez-Torres and Regional Superintendent Dr. Cashin, and admit that on or about June 18, 2007 Plaintiff received disciplinary charges and was removed from teaching while the disciplinary charges were pending.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that DOE's international teacher's unit revoked petitioner's visa and admit that upon information and belief, petitioner is not eligible to work in the United States and his employment was terminated.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that Defendant Garcia referred two staff members to have psychiatric evaluations and both staff members were of color.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge for information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. In response to paragraph "50" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "49" of the Complaint as if set forth fully herein.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to paragraph "52" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "51" of the Complaint as if set forth fully herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. In response to paragraph "54" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "53" of the Complaint as if set forth fully herein.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to paragraph "56" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "55" of the Complaint as if set forth fully herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. In response to paragraph "57" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "57" of the Complaint as if set forth fully herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. In response to paragraph "60" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "59" of the Complaint as if set forth fully herein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to paragraph "62" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "61" of the Complaint as if set forth fully herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to paragraph "64" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "63" of the Complaint as if set forth fully herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. In response to paragraph "66" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "65" of the Complaint as if set forth fully herein.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to paragraph "68" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "67" of the Complaint as if set forth fully herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to paragraph "70" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "69" of the Complaint as if set forth fully herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint, except admit plaintiff purports to proceed as set forth therein.

72. In response to paragraph "72" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "71" of the Complaint as if set forth fully herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. In response to paragraph "74" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "73" of the Complaint as if set forth fully herein.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to paragraph "76" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "75" of the Complaint as if set forth fully herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. In response to paragraph "78" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "77" of the Complaint as if set forth fully herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. In response to paragraph "80" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "79" of the Complaint as if set forth fully herein.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to paragraph "82" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through 81" of the Complaint as if set forth fully herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to paragraph "84" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "83" of the Complaint as if set forth fully herein.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. In response to paragraph "86" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "85" of the Complaint as if set forth fully herein.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to paragraph "88" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "87" of the Complaint as if set forth fully herein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. In response to paragraph "90" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "89" of the Complaint as if set forth fully herein.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

## **FOR A FIRST DEFENSE:**

92. The Complaint fails to state a claim against defendants upon which relief can be granted.

## **FOR A SECOND DEFENSE:**

93. This Court lacks personal jurisdiction over any Title VII claims contained in the federal Complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

### FOR A THIRD DEFENSE:

94. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOR A FOURTH DEFENSE:

95. Individual defendants are not subject to suit under Title VII and, thus, these claims must be dismissed as against defendant Garcia, and to any extent this court asserts personal jurisdiction as against named Defendant Rodriguez-Torres.

### FOR A FIFTH DEFENSE:

96. Plaintiff's claims are barred, in whole or in part, by his failure to properly and/or timely file a notice of claim.

### FOR A SIXTH DEFENSE:

97. The complaint is barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

### FOR A SEVENTH DEFENSE:

98. Plaintiff's claims for front and/or back pay are barred by his failure to mitigate damages.

99. Plaintiff's claim for reinstatement is barred by Federal Law.

### FOR AN EIGHTH DEFENSE:

100. Defendants are not subject to an award for punitive damages.

**WHEREFORE**, defendants respectfully request that the complaint be dismissed and that the relief sought therein be denied in all respects, together with such and further relief as the Court deems just and proper.

Dated:	New York, New York
	March 15, 2009

        **MICHAEL A. CARDOZO**
        Corporation Counsel of the
          City of New York
        Attorney for the Defendants
        100 Church Street, Room 2-315
        New York, New York  10007
        (212) 788-0870

By:	_____/s/_____
        Devor Deland Perry
        Jane E. Andersen
        Assistants Corporation Counsel
        dperry@law.nyc.gov
        janderse@law.nyc.gov

TO:	Anthony C. Ofodile, Attorney for Plaintiff (via ECF)

Docket No.  09 Civ. 442 (CPS)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASEY PHILLIP,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, DAYSI GARCIA, Principal of P65K, MARTHA RODRIQUEZ-TORRES, Local Instructional Superintendent,

                                                 Defendants.

**ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-315*
*New York, N.Y.  10007*

*Of Counsel:  Devor Deland Perry, Jane E. Andersen*
*Tel:  (212) 788-0870*
*Law Manager No. 2009-006720*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................................ , 200......*

*........................................................................... Esq.*

*Attorney for................................................................*