UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CASEY PHILLIP,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, DAYSI GARCIA,
Principal of P65K, MARTHA RODRIQUEZ-TORRES,
Local Instructional Superintendent,

                              Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

09 Civ. 442 (CPS)(JO)

       **WHEREAS**, plaintiff has sought from defendants in discovery in this action, certain documents which defendants deem confidential, and

       **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

       1. As used herein, "Confidential Materials" shall mean all testimony and documents and the information contained therein regarding personnel matters relating to all individually named defendants, Daysi Garcia and Martha Rodriquez-Torres, and other personnel of the New York City Department of Education, or the City of New York, other than plaintiff, including, but not limited to, (a) personnel files and the information contained therein including, but not limited to, information regarding promotions, discipline, evaluations, and internal and external Equal Employment Opportunity complaints; (b) copies of any documents containing information about the actual or potential personnel action taken with respect to any present or

former personnel of the New York City Department of Education, and/or the City of New York other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, internal and external Equal Employment Opportunity files; (c) any documents identified by defendants as subject to this order; and (d) any documents that the Court directs to be produced subject to this order.

2. Documents and information are not Confidential Materials to the extent that they (a) are properly obtained by plaintiff from a source other than defendants herein, or (b) are otherwise publicly available.

3. Neither plaintiff nor plaintiff's attorney shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

4. Neither plaintiff nor plaintiff's attorneys shall disclose the Confidential Materials to any person, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Production of a document before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any production of a document is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed

hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorney within ten (10) days.

d. Disclosure may be made to any member of the staff of plaintiff's attorney's law office to whom such disclosure is reasonably necessary to the preparation or presentation of plaintiff's case in this action.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7.  Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants, except for deposition transcripts, portions of which discuss Confidential Materials shall not be disseminated, at the reasonable expense of defendants, and all persons who possessed such materials, other than plaintiff's attorney shall verify their return by affidavit or certification furnished to defendants' attorney; plaintiff's attorney shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such retained work product shall not be used by plaintiff's counsel in any other case against the City of New York, it agencies or its employees and the same shall be verified to defendants' attorney.

8.  Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

| Dated: | Brooklyn, New York<br>September ____, 2009 | Dated: | New York, New York<br>~~September~~ ____, 2009<br>October 7, 2009 |
|---|---|---|---|
| **OFODILE & ASSOCIATES, P.C.**<br>Attorneys for Plaintiff<br>498 Atlantic Avenue<br>Brooklyn, NY 11217<br>Tel: (718) 852-8300 | | **MICHAEL A. CARDOZO**<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-315<br>New York, New York 10007<br>Tel: (212) 788-0870<br>Email: janderse@law.nyc.gov | |
| By: _____<br>Anthony Ofodile | | By: _____<br>Jane E. Andersen<br>Assistant Corporation Counsel | |

SO ORDERED:

_____
United States District Judge

4

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 200_ in the actions entitled <u>Casey Phillip v. New York City Dep't of Educ.</u>, 09 Civ. 442 (CPS)(JO), or has been advised of its provisions and/or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                    _____
              Date                                                        Signature


                                                                  _____
                                                                         Print Name


                                                                  _____
                                                                         Occupation