UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CASEY PHILLIP,

        Plaintiff,                           Memorandum and Order
                                                    09 Civ. 442

   - against -

THE CITY OF NEW YORK, et al.

        Defendants.
----------------------------------------------------------x
GLASSER, United States District Judge:

       Plaintiff Casey Phillip ("plaintiff"), a former teacher with the New York City Department of Education ("DOE"), commenced this action February 3, 2009 against the City of New York, the DOE, and former supervisors Principal Daysi Garcia and Local Instructional Superintendent, Martha Rodriguez–Torres ("Rodriguez-Torres"). On July 21, 2010, defendants City of New York, DOE, and Principal Daysi Garcia (collectively, "NYC") moved for summary judgment. Although not representing Rodriguez-Torres, counsel to NYC argued in their motion papers that plaintiff had not properly served her and urged that the Court dismiss all claims against her, <u>sua sponte</u>, pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). Rodriguez-Torres filed no answer to the Complaint, is not currently represented by counsel, and has entered no appearances in the three years litigation has been pending. On April 19, 2011 the Court granted in part and denied in part NYC's motion for summary judgment. <u>See</u> <u>Phillip v. City of New York</u>, No. 09 Civ. 442 (ILG), 2012 WL 1356604 (E.D.N.Y. Apr. 19, 2012). Among other things, the Court ordered plaintiff to show cause why all claims against Rodriguez-Torres should not be dismissed for failure to effect service. <u>Id.</u> at *19.

1

Plaintiff responded by filing an affidavit from a licensed process server, Moses Osayame ("Osayame").  See Proof of Service (Dkt. No. 47-1).  The affidavit consists of a pre-prepared form with check boxes listing options for effecting service that appear to correspond to the three methods of effecting service pursuant to Fed. R. Civ. P. 4(e)(2).  Osayame has checked two contradictory options.  The first checked box states that "I personally served the summons on the individual at (*place*) District 19, 574 Dumont Ave, Brooklyn, NY 11207 on (*date*) 2/24/09."  This, apparently, was completed in error; plaintiff's counsel concedes Rodriguez-Torres was not personally served.  See Affirmation of Anthony C. Ofodile, Esq. (Dkt. No. 47) ("Ofodile Aff.") at ¶¶ 2, 4.  The second checked box states "I served the summons on (*name of individual*) Martin Wernstein, who is designated by law to accept service of process on behalf of (*name of organization*) District 19 Supr. Martha Roderiguez-Torres (*on date*) 2/24/09."  Plaintiff's counsel also submitted an affidavit in which he affirmed that Osayeme:

> received the Summons and Complaint from my Office on February 23, 2009, and served it on February 24, 2009, on Martha Rodriguez-Torres, the Local Instructional Superintendent, by leaving the same at her Office with Martin Weintein [sic], a person of suitable age who was authorized to accept service and did accept service on behalf of the Superintendent."

See Ofodile Aff. at ¶ 2.  Plaintiff argues that service on "a person of suitable age and discretion at the office of the Superintendent who agreed to accept service and accepted service on her behalf at her office suffices as adequate and proper service under the law."  Id. at ¶ 5.

Plaintiff has not identified which provision of state or federal law he relies on. Pursuant to the Federal Rules of Civil Procedure, service may be made on an individual

2

pursuant to the relevant state law, Fed. R. Civ. P. 4(e)(1), or by one of three methods permitted under the federal rules: personal service; delivery to the individual's abode; or service upon an agent, Fed. R. Civ. P. 4(e)(2)(A)-(C). It is undisputed that Rodriguez-Torres was not personally served. The federal rules do not permit non-personal service at an individual's place of business. See Fed. R. Civ. P. 4(e)(2)(B); MCC Energy, Inc. v. Miller, 08 Civ. 4353 (DAB), 2009 WL 2981914, at *4 (S.D.N.Y. Sept. 14, 2009) ("Rule 4(e)(2)(B) provides for service by 'leaving a copy . . . at the individual's *dwelling or usual place of abode*' (emphasis added), not at the individual's business address."). Nor has plaintiff shown that Martin Wernstein was an agent of Rodriguez-Torres for purposes of accepting process on her behalf. Plaintiff bears the burden of establishing process has been effective. Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985). However, aside from conclusory statements that Wernstein was authorized to accept service, plaintiff has provided no facts or law that would indicate Wernstein was an agent "authorized by appointment or by law" to receive service of process pursuant to Fed. R. Civ. P. 4(e)(2)(C).

Presumably, therefore, plaintiff relies upon state law. Service may be made on an individual by any method permitted under state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). New York law, in turn, allows non-personal service, upon an individual by:

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served <u>and</u> by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to

> the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other.

N.Y. Civ. Prac. Law & Rules ("CPLR") § 308(2) (emphasis added). "The first two steps of personal service pursuant to § 308(2), delivery and mailing of the summons, are jurisdictional requirements, and failure to properly perform either of them results in dismissal of an action." Stop & Shop Supermarket Co. LLC v. Goldsmith, No. 10 Civ. 3052 (KMK), 2011 WL 1236121, at *4 (S.D.N.Y. Mar. 31, 2011) (citing 2 Weinstein, Korn & Miller, N.Y. Civil Practice: CPLR ¶ 308.13a (2011 ed.) ("[D]elivery and mailing are essential in order to obtain jurisdiction over the defendant." (emphasis in original))).

As a result of her participation in depositions, See Declaration of Jane E. Andersen dated July 21, 2010 (Dkt. No. 33), Ex. U & V, Rodriguez-Torres is presumably aware she has been named as a defendant in this suit. However, actual notice does not cure deficient service. Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service . . . ."); Raschel v. Rish, 69 N.Y.2d 694, 697, 512 N.Y.S.2d 22, 24, 504 N.E.2d 389 (N.Y. 1986) ("When the requirements of service have not been met, it is irrelevant that defendant may have actually received the documents."). "Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308." Santiago v. Honcrat, 79 A.D.3d 847, 847-48, 912 N.Y.S.2d 419, 419-20 (2d. Dep't 2010) (quotation and citation omitted).

Rodriguez-Torres was not properly served because plaintiff failed to mail her a copy of the summons. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

Although a dismissal under Rule 4(m) is without prejudice to refiling, plaintiff would not be able to revive his claim because the statute of limitations has expired. Where dismissal without prejudice would constitute a de facto dismissal with prejudice, the court must carefully consider the impact such an action will have on the parties. Harper v. City of New York, 09 Civ. 5571 (JG) (SMG), 2010 WL 4788016, at *9 (E.D.N.Y. Nov. 17, 2010). However, the Court need not grant an extension simply because plaintiff will otherwise be barred from bringing his claims. Id. (citing Zapata v. City of New York, 502 F. 3d 192, 197 (2d Cir. 2007) ("Where, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice, we will not find an abuse of discretion . . . so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." (footnote omitted))).

Here, it has been three and a half years since plaintiff attempted to serve the summons on Rodriguez-Torres. Rodriguez-Torres did not file an answer and plaintiff has been on notice since March, 2009 that she contests the validity of service. See

---

[1] The Court notes that plaintiff attempted to serve Rodriguez-Torres on February 24, 2009, well-within 120 days of filing the Complaint. However, because the service was deficient, Rodriguez-Torres has never been served.

Answer to Complaint dated March 15, 2009 (Dkt. No. 5) at 1 n.1 ("Martha Roderiguez-Torres . . . has not been properly served. . . . Our office has advised plaintiff's attorney of this and has provided him with her correct business address by letter dated March 11, 2009 in order to assist with the proper service."). Plaintiff was again reminded of this dispute by NYC's response to the Amended Complaint, to which Rodriguez-Torres also did not respond. See Answer Amended Complaint dated October 19, 2009 (Dkt. No. 15) at 1 n.1. Plaintiff made no attempt to properly serve Rodriguez-Torres or to seek an extension of time to do so. Plaintiff apparently believed that service was proper, Ofodile Aff. ¶ 4, but has not shown any sound legal basis for that belief. Moreover, in the more than three years' since Rodriguez-Torres' answer was due, plaintiff has taken no steps to address this matter or to pursue a default judgment.

Accordingly, plaintiff's claims against Rodriguez-Torres are dismissed pursuant to Fed. R. Civ. P. 4(m). Because he did not acknowledge that Rodriguez-Torres was not properly served, plaintiff did not request an extension of time in which to serve her. However, in light of the foregoing, no extension of time will be granted.

**SO ORDERED.**

Dated:       Brooklyn, New York
              May 7, 2012

                                        ___/s/_____
                                        I. Leo Glasser
                                        United States District Judge